

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00183-CR

---

TA PAW DEH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 077969-C-CR, Honorable Ana Estevez, Presiding

---

October 21, 2025

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Ta Paw Deh, was adjudicated guilty of aggravated assault with a deadly weapon[1] and sentenced to two years' confinement. By a single issue, he asks that court costs and attorney's fees be deleted and that defense counsel's name be corrected in the judgment. The State concedes both requests and an independent review of the record confirms these changes should be made.

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2).

## ANALYSIS AND MODIFICATION OF BILL OF COSTS

The record shows the trial court expressly waived all fines and costs, yet the judgment and *Bill of Costs* still reflect assessments.[2] The Article 42.15 Addendum reflects the trial court marked the following boxes:

> X  The defendant is indigent or does not presently have sufficient resources or income to pay all or part of the fine and costs and will not, in the future, have the ability to pay the fine and costs at a later date or at designated intervals and to require the defendant to pay or discharge the fine and costs by an alternate method would impose an undue hardship.

> X  The fine and costs shall be waived.

*See* TEX. CODE CRIM. PROC. ANN. art. 43.091(a) (authorizing waiver of payment of fines and costs).  Accordingly, we sustain Appellant's sole issue.

The *Bill of Costs* generated on May 21, 2025, is modified to delete the assessment for court-appointed attorney's fees and assessment of other court costs.  The district clerk is ordered to prepare and file an amended *Bill of Costs* deleting attorney's fees and other court costs and to provide a copy to this Court, as well as Appellant and the Institutional Division of the Texas Department of Criminal Justice.

## ANALYSIS AND MODIFICATION OF JUDGMENT ADJUDICATING GUILT

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so.  TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).  The summary

---

[2] *Leoning v. State*, No. 07-18-00213-CR, 2019 Tex. App. LEXIS 10427, at *10 (Tex. App.—Amarillo, Dec. 2, 2019, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect court costs waived).

portion of the *Judgment Adjudicating Guilt* is modified to reflect "W. Brooks Barfield, Jr." as "Attorney for Defendant" instead of "James Johnston." The summary portion of the judgment under "<u>Court Costs</u>" is modified to delete "As Per Attached Bill of Costs" and in its place insert "Waived by the Court."

The State also recommends deleting the following language from the judgment, and we agree. Accordingly, the judgment is modified to delete the following:

APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED.

The Court FINDS that Defendant has financial resources that enable Defendant to offset in part or in whole the cost of the legal services provided to Defendant. Therefore, the Court ORDERS Defendant to pay AS PER ATTACHED BILL OF COSTS as court costs to the County. Tex. Code Crim. Proc. Art. 42.12 § 3g.

## CONCLUSION

As modified, the trial court's *Judgment Adjudicating Guilt* is affirmed.

Alex Yarbrough
Justice

Do not publish.